IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLINTON HOWARD,

                          Petitioner,

        v.                                    CASE NO. 05-3008-RDR

UNITED STATES BUREAU OF PRISONS, et al.,

                          Respondents.

**O R D E R**

Petitioner proceeds pro se and in forma pauperis on a petition for writ of habeas corpus under 28 U.S.C. 2241, filed while he was incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN). Petitioner is currently confined in a federal facility in Terre Haute, Indiana.

The record discloses that petitioner was incarcerated in the United States Penitentiary in Florence, Colorado, where he was placed in a Special Housing Unit (SHU-Florence) in December 2001 for investigation of an incident at that facility, and for a resulting disciplinary sanction. He was then transferred to USPLVN in August 2002. Bureau of Prisons policy (BOP PS 5100.07) requires that a prisoner transferred for disciplinary purposes to remain at the new institution for 36 months of clear conduct before being considered for redesignation to another facility. Petitioner filed the instant action to seek credit against this 36 month period for the ten months he spent in SHU-Florence prior to his arrival at USPLVN, and

argues the time he spent in SHU-Florence in excess of any disciplinary sanction should count under the BOP regulation toward the 36 month period at USPLVN.[1]

Having reviewed the record, the court finds the petition should be denied. Arguably the specific relief sought by petitioner, namely clear conduct credit to allow his transfer from USPLVN, was rendered moot by petitioner's transfer to the Terre Haute facility. But even if petitioner's claim is not moot, the court finds petitioner's allegation of error would not entitle him to relief under 28 U.S.C. § 2241.

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner has no constitutional right to be confined in any particular correctional facility, <u>Olim v. Wakinekona</u>, 461 U.S. 238, 245 (1983), and no independent constitutional right to a particular custody status, <u>Meachum v. Fano</u>, 427 U.S. 215 (1976). Nor has petitioner demonstrated any violation of federal law in BOP's application of its policy statement to petitioner sentence.

Finding no showing that petitioner is being denied his rights under the United States Constitution or federal law in the execution of his sentence, the court concludes petitioner is entitled to no relief under 28 U.S.C. § 2241.

IT IS THEREFORE ORDERED that the petition for writ of habeas

---

[1] In response to a previous order, petitioner demonstrated his full exhaustion of administrative remedies.

corpus under 28 U.S.C. § 2241 is denied.

DATED:  This 21st day of November 2007, at Topeka, Kansas.


   s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge